# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| PAUL A. PARRISH, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | Case No. CIV-13-698-F |
| CAROLYN W. COLVIN, acting Commissioner Social Security Administration, | ) |  |
| Defendant. | ) |  |

## REPORT AND RECOMMENDATION

Defendant Acting Commissioner Carolyn W. Colvin (Commissioner) issued a final decision denying Paul A. Parrish's (Plaintiff) application for disability insurance benefits under the Social Security Act, and Plaintiff seeks judicial review under 42 U.S.C. § 405(g). United States District Judge Stephen P. Friot referred this matter for proceedings consistent with 28 U.S.C. § 636(b)(3) and Fed. R. Civ. P. 72(b), and it is now before the undersigned Magistrate Judge. The undersigned has reviewed the pleadings, administrative record (AR), and parties' briefs, and recommends that the Court reverse and remand the matter for further proceedings.

**I.  Administrative proceedings.**

Plaintiff sought a hearing by an Administrative Law Judge (ALJ) after the Social Security Administration (SSA) denied Plaintiff's claims for

disability benefits. AR 62-63. After hearing the testimony of Plaintiff and a vocational expert, the ALJ found that Plaintiff is not disabled because, despite his impairments, he retains the ability to perform his past relevant work as a mail handler. *Id.* at 19. The ALJ also determined that Plaintiff had transferable skills so that he could perform the jobs of a title clerk, an order clerk, or a file clerk. *Id.* at 20. The SSA Appeals Council declined Plaintiff's request for review, *id.* at 1-8, and Plaintiff now seeks review in this Court. Doc. 1.

## II. Disability determination.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520 (b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving he has one or more severe impairments. *See* 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If he succeeds, the ALJ will conduct a

residual functional capacity (RFC)[1] assessment at step four to determine what, if anything, Plaintiff can still do despite his impairments. *See* 20 C.F.R. §§ 404.1545(e), 416.945(e); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048 (10th Cir. 1993). Then, if Plaintiff makes a prima facie showing that he cannot engage in prior work activity, the burden shifts to the Commissioner to show Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *See Turner*, 754 F.2d at 328; *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

## III. Plaintiff's claims.

Plaintiff alleges that the ALJ improperly addressed his obesity. Doc. 12, at 9-13. The undersigned agrees, and has therefore elected not to address Plaintiff's remaining claims. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) ("We will not reach the remaining issues raised by appellant because they may be affected by the ALJ's treatment of this case on remand.").

---

[1] Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545 (a)(1), 416.945(a)(1).

## IV. Analysis.

### A. Standard for review.

This Court's review is limited to whether substantial evidence supports the ALJ's factual findings and whether the ALJ applied the correct legal standards. *See Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). The ALJ's "failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Andrade*, 985 F.2d at 1047 (citation omitted).

### B. The ALJ's relevant findings.

The ALJ found that Plaintiff has severe "phlebitis/varicose veins of the legs; bilateral foot deformity; a back disorder; an abdominal hernia; dysthymic disorder, mild, persistent, a somatoform disorder, mild persistent; and a personality disorder with features of histrionics." AR 11. He then found that with these severe impairments, Plaintiff has the RFC to "perform light work, with the following limitations: lifting, pushing, pulling, and carrying no more than 20 pounds occasionally; sit for a total of 6 hours a day; stand for a total of 6 hours a day, and walk for a total of 6 hours a day." *Id.* at 14. The ALJ also limited Plaintiff to only occasional stooping, noted that

he can perform simple and routine tasks, and is limited from interacting with the general public. *Id.*

Regarding Plaintiff's obesity, the ALJ found:

> [Plaintiff] has been diagnosed with obesity. [He] is 6 feet tall and in January 2010, the claimant weighed 305 pounds and had a BMI of 41.5. He weigh[]ed the same at an orthotics consult in December of 2010. The undersigned has considered this in accordance with SSR 00-1p,[2] including the effect on the claimant's other impairments. He actually weighed 297 pounds in July of 2008, well before the alleged onset date. [Plaintiff] has not been compliant with prescribed treatment modalities. He has been advised on exercise and diet in order to reduce weight. A dietician consult was offered if desired. He was advised to join a gym and cut back on consumption. He was also instructed on diet and exercise at the office visit on October 30, 2009. Nurse Reedy noted in January that [Plaintiff] had not lost any weight since the previous visit. [He] asserted that it is difficult to lose weight because he is not getting enough sleep. However, there is no indication that he reported this to his treating providers. There is no evidence that [he] has followed through with a dietician consult that is available. Moreover, the claimant is advised to exercise, which suggests that his treating providers believe him capable of increased physical activity.

*Id.* at 17 (citations omitted). The ALJ did not again mention Plaintiff's obesity.

### C. The ALJ did not adequately consider the effects of Plaintiff's obesity.

SSR 02-1p requires an ALJ to consider the effects of obesity throughout the sequential evaluation process. Titles II & XVI: Evaluation of Obesity,

---

[2] There is no Social Security Ruling (SSR) so numbered. The ALJ presumably meant to cite SSR 02-1p, 2002 WL 34686281 (Sept. 12, 2002).

SSR 02-1p, 2002 WL 34686281, at *1 (Sept. 12, 2002). And, the ALJ must consider "the combined effects of obesity with other impairments can be greater than the effects of each of the impairments considered separately." *Id.* Thus, an ALJ may "not make assumptions about the severity or functional effects of obesity combined with other impairments," but rather, must "evaluate each case based on the information in the case record." *Id.* at *6.

The Commissioner argues that the ALJ adequately scrutinized Plaintiff's obesity. Doc. 13, at 7. The Commissioner begins by stating that "[t]he ALJ found that Plaintiff's morbid obesity constituted a severe impairment." *Id.* at 8. Not true. In his written findings, the ALJ found no such severe impairment.

The Commissioner insists that the ALJ's repeated mention of Plaintiff's "normal gait," with a full range of motion, combined with Plaintiff's refusal to follow his providers' treatment advice undermines Plaintiff's argument. *Id.* The Commissioner cannot, and does not suggest the ALJ evaluated how Plaintiff's morbid obesity impacted each of his severe impairments. In fact, the Commissioner suggests that such an inquiry is unnecessary. *Id.* at 10.

Despite SSR 02-1p's teachings, "the ALJ provided no discussion of the effect of obesity on [Plaintiff's] severe impairments." *Hamby v. Astrue*, 260 F.

6

App'x 108, 112 (10th Cir. 2008) (reversing and remanding). And, there is nothing in the ALJ's analysis "indicating how or whether [Plaintiff's] obesity influenced the ALJ in setting [the RFC] restrictions." *DeWitt v Astrue*, 381 F. App'x 782, 785-86 (10th Cir. 2010). "Rather, it appears that the ALJ's RFC assessment was, [at best], based on 'assumptions about the severity or functional effects of [Plainitff's] obesity combined with [his] other impairments' – a process forbidden by SSR 02-1p." *Id*. (internal quotation marks and citation omitted).

The ALJ noted that Plaintiff was obese "well before the alleged onset date," suggesting his obesity did not impede Plaintiff's ability to work. AR 17. "But that fact hardly answers the extent to which h[is] obesity impacted the functional limitations caused by h[is] other recognized severe impairments" *DeWitt*, 381 F. App'x at 785-86.

And the ALJ, in criticizing Plaintiff's failure to heed his treatment provider's recommendations, ignored SSR 02-1p's statement that "[b]efore failure to follow prescribed treatment for obesity can become an issue in a case, we *must first find that the individual is disabled* because of obesity or a combination of obesity and another impairment(s)." 2002 WL 34686281, at *9 (emphasis added). And, "[d]espite short-term progress, most treatments for obesity do not have a high success rate." *Id.* at *8. And though not noted

7

by the ALJ, Plaintiff's obesity only progressed – he weighed 317 pounds by April 2010. AR 1243.

Despite the Commissioner's interpretation otherwise, the Tenth Circuit has "insisted on compliance with SSR 02-1p where 'the ALJ failed to give adequate consideration to the effect of [the claimant's] obesity in combination with her other severe impairments.'" *Dewitt*, 381 F. App'x at 786 (quoting *Hamby*, 260 F. App'x at 112 and citing *Baker v. Barnhart*, 84 F. App'x at 10, 14 (10th Cir. 2003)). Because the ALJ's decision fails to indicate adequate consideration of Plaintiff's obesity in relation to his other impairments and his RFC, the undersigned cannot affirm the denial of benefits. As such, the undersigned agrees with Plaintiff's assertion that this case must be remanded to ensure compliance with SSR 02-1p.[3]

## VI. Recommendation and notice of right to object.

For the reasons discussed above, the undersigned recommends that the Court reverse and remand the matter for further proceedings.

The Court advises Plaintiff of his right to file an objection to the report and recommendation with the Clerk of this Court by October 6, 2014 in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The court

---

[3] On remand, the court also urges the ALJ to carefully consider the VA's disability determination, and to "explain why he did not find it persuasive." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).

further advises Plaintiff that failure to make timely objection to the report and recommendation waives the right to appellate review of both factual and legal questions contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This report and recommendation disposes of all issues referred to the Magistrate Judge in this matter.

ENTERED this 16th day of September, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE